# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DONTE CURRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:12-CV-140 PS |
| vs. | ) |
| | ) |
| SAINT JOSEPH HOSPITAL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On August 5, 2011, Fort Wayne police officers took Donte Curry to the hospital with dog bites on his arm and hand. He arrived there at 3:27 p.m. and was handcuffed to a bed in a holding room. He was released less than two and a half hours later at 5:50 p.m. In this lawsuit, he is suing six medical providers at the hospital alleging that they denied him immediate medical attention.

Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might*

suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Based on the facts alleged in this complaint, it is not entirely clear whether these defendants were acting under color of state law. Curry does not allege (and likely does not know) whether the hospital had voluntarily undertaken to treat prisoners or whether it was merely fulfilling its obligation to provide emergency care to anyone in need. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009) ("[A]n emergency medical system that has a preexisting obligation to serve all persons who present themselves for emergency treatment hardly can be said to have entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons.") Nevertheless, even giving Curry the benefit of the doubt that these defendants are state actors, he has not plausibly alleged that he was deprived of a federal constitutional right.

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from

accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). A prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Neither does a "disagreement with medical professionals . . . state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

In the complaint, Curry lists four separate occasions when he interacted with hospital staff during the less than two and a half hours that he was there. Though he does not give precise times for each interaction, based on the times he does provide, I have been able to calculate the approximate time of each. Sometime within the first fifteen minutes after he arrived at the hospital, he was seen by a nurse who took his blood pressure and asked him questions. Later, but still within the first fifteen minutes after his arrival, he was separately visited by a physician's assistant who asked him more questions. He was then left for an hour and a half before he was given a shot and taken to x-ray. Upon his return to his room, he waited another thirty minutes before his wounds were cleaned and bandaged. Thereupon, he was discharged.

Nothing about this sequence of events seems the slightest bit unusual or particularly slow. Curry alleges that he was denied immediate medical attention, but he was not. He was seen by two medical providers in short order after he arrived at the hospital. There is no doubt that dog bites on the arm require prompt medical attention. But based on the facts alleged in this

3

complaint, Curry received prompt medical attention. Indeed, compared with an average emergency room visit which lasts 4 hours and 5 minutes, his discharge in less than two and half hours was fast, not slow. *See* American College of Emergency Physicians, http://www.acep.org/content.aspx?id=25908 (last visited May 3, 2012) (United States emergency room data from 2007). Thus, Curry has not plausibly stated a claim for a denial of medical treatment based on the brief delays he experienced during the emergency room visit.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: May 4, 2012

                                                  /s/ Philip P. Simon
                                                  CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT